UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DRS. LOREN AND BESS MARSHALL | ) | |
| | ) | |
| v. | ) | NO. 2:09-0041 |
| | ) | JUDGE CAMPBELL |
| PHILLIP AND SUSAN LOYD | ) | |

## MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss (Docket No. 15). For the reasons stated herein, Defendants' motion is GRANTED.

## FACTS

Plaintiffs filed a law suit in the Chancery Court for DeKalb County, Tennessee on September 9, 2005, seeking an injunction, damages and other relief for claims of trespass and violation of deed restrictions arising from Defendants' construction of a retaining wall that allegedly encroaches on Plaintiffs' Property.

On April 21, 2009, Plaintiffs voluntary dismissed the action in Chancery Court and filed their Complaint with this Court alleging trespass, negligence, and violation of restrictive covenants. See Verified Complaint, Docket No. 1. Plaintiffs further allege the amount in controversy, exclusive of interests or costs, exceeds the sum or value specified by 28 U.S.C. § 1332. *Id.*

On May 18, 2009, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Docket No. 15). Defendants allege Plaintiffs have provided no evidence to demonstrate the amount in controversy exceeds the $75,000 amount required for proper jurisdiction in this Court. 28.U.S.C. § 1332. (See Docket No. 16)

STANDARD OF REVIEW

Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction is proper. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130(6th Cir. 1996); *See also Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990); *Rogers v. Stratton Industries, Inc.,* 798 F.2d 913, 915 (6th Cir. 1986); *Giesse v Sec'y of HHS*, 522 F.3d 697(6th Cir. 2008). Dismissal is appropriate when it appears to a legal certainty that a plaintiff cannot in good faith claim the jurisdictional amount. *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990).

In the Verified Complaint Plaintiffs claim "[t]he amount in controversy, exclusive of interest or costs, exceeds the sum or value specified by 28 U.S.C. § 1332." (Docket No. 1, ¶1). In response to Defendants' Motion to Dismiss, Plaintiffs provide only one specific numerical value, stating: "the property, absent this litigation would be worth approximately One Million and No/100 Dollars ($1,000,000)." (Docket No. 21, p. 6), *see also* Declaration of Dr. Loren Marshall (Docket No. 22, ¶ 6).

At no point do Plaintiffs place a monetary value on the sought after damages to demonstrate to the Court the amount in controversy exceeds the $75,000 amount required by statute. Plaintiffs offer no accounting of the damages suffered, nor do they offer a researched approximation of the probable value. Simply claiming that the amount in controversy exceeds that which is required for jurisdiction is not sufficient evidence. Plaintiffs have not met their burden of proving that this Court has jurisdiction over this case. Therefore, Defendants' Motion to Dismiss is GRANTED and the case is dismissed without prejudice.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE